[No. 9084.   In Bank. — May 24, 1886.]

JAMES COLLINS, Appellant, v. JERRY DRISCOLL, Respondent.

Statute of Limitations — Promissory Note. — The statute of limitations begins to run against a promissory note from the date of its actual delivery, and not from the date it bears.

Appeal from a judgment of the Superior Court of Monterey County.

The facts are sufficiently stated in the opinion.

*William Shipsey*, and *D. M. Delmas*, for Appellant, cited *Raefle v. Moore*, 58 Ga. 94; *Savage v. Alden*, 2 Stark. 232; *Jefferson v. Wendt*, 51 Cal. 573; *Kincaid v. Archibald*, 73 N. Y. 194; Story on Promissory Notes, sec. 48.

*S. F. Geil*, and *H. V. Moorehouse*, for Respondent, cited *Paul v. Smith*, 32 N. J. L. 13; *Powell v. Waters*, 8 Cow.; 1 Parsons on Notes, 49; *Bumpass v. Timms*, 3 Sneed, 459.

Belcher, C. C. — The controlling question in this case relates to the statute of limitations.

The action was commenced on the twenty-fourth day of October, 1882, and was based on a promissory note dated May 1, 1878, and payable one day after date, with interest. In the complaint it was alleged that the note was not in fact made or delivered to plaintiff until the fifteenth day of July, 1879; that during the year 1878, the plaintiff loaned to the defendant sums of money, which amounted in the aggregate to the sum named in the note as principal, and which he verbally promised to repay, but made no written promise to do so; that on the fifteenth day of July, 1879, " the defendant, at his own instance, and without any request from plaintiff, caused said note to be prepared, and he signed and

delivered the same to plaintiff without being thereto requested or required by the plaintiff; that said note was antedated as aforesaid at defendant's own instance, for the reason that defendant wished to pay interest on said principal from the first day of May, A. D. 1878, and at the rate in said note specified."

The defendant demurred to the complaint, upon the ground that the cause of action was barred by the statute of limitations.

The court at first overruled the demurrer, but afterward reconsidered its ruling and sustained it, and then entered judgment in favor of defendant.

In our opinion, the first ruling was right and the second wrong.

"In general, it is not essential to a note that it should be dated; and if there be no date, it will be considered as dated at the time it was made. If it be dated, the date will be *prima facie* evidence of the time when the note was made, but not conclusive." (1 Parsons on Notes and Bills, 41.)

A note may be antedated or post-dated, and "where the purposes of justice require it, the real date may be inquired into, and effect given to the instrument." (Story on Promissory Notes, sec. 48; *Paige* v. *Carter*, 64 Cal. 489.)

And whatever may be its date, a note takes effect only on delivery. Until it is delivered it is not made in a legal sense, and by it no obligation is imposed on the maker. If the delivery be subsequent to the date, it becomes a valid and binding note on the day of its delivery, and not before.

"If it be made payable in so many days or weeks or months from the date, this period must begin from the date which the paper bears, without reference to the day of actual delivery. For it is perfectly competent for the parties to agree that the money should be payable when they please, and they express their agreement on this

point by making it payable in so many days from a certain day. Thus if a note payable in three months from date were delivered four months after date, it would be payable on demand." (1 Parsons on Notes and Bills, 49.)

Here, according to the averments of the complaint, which must be taken as true, the note was delivered on the fifteenth day of July, 1879. It was due at that time, and a cause of action at once accrued upon it. Until then there was no cause of action, because there was no note. But the statute of limitations begins to run when the right of action accrues, and never before. This is a general rule, and applies to all actions. Under our statute one has four years in which to bring suit upon a promissory note after his right of action accrues, and his action is never barred until that time has elapsed.

As this action was commenced within four years after the plaintiff's cause of action accrued, it is clear that the court erred in sustaining the demurrer.

The judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer and permit the defendant to answer.

FOOTE, C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with directions to the court below to overrule the demurrer, with leave to defendant to answer.

Rehearing denied.