[S. F. No. 1716. · Department One.—September 17, 1900.]

## GUISEPPE RASPADORI, Respondent, v. FRANK CRESTA, Appellant.

COMPLAINT UPON NOTE—DATE OF EXECUTION—CLERICAL ERROR—COPY OF NOTE—WRITTEN NOTICE OF PAYMENT—PRESUMPTION UPON APPEAL.— In a complaint upon a note, the date of the year in an averment of its execution, which is precisely four years subsequent to the date of the note which is set out in full in the complaint, and is also subsequent to the date of a written notice of payment required by the terms of the note to be given for a period of thirty days, which described the note by its date, and which was served more than thirty days before the commencement of the action, which it appears was commenced less than thirty days after the alleged date of execution of the note, is obviously a clerical error, which must be presumed upon appeal, in the absence of the evidence, to have been corrected by the witnesses; and the written notice of payment cannot be considered as prematurely given.

ID.—ANTEDATING OF NOTE—DELIVERY AFTER WRITTEN NOTICE—DATE IMMATERIAL—STIPULATED TIME OF PAYMENT—MATURITY OF CAUSE OF ACTION.—The date of the delivery of the note was not material to the cause of action. Even if it was antedated and delivered

after the written notice of the payment, the notice would still apply to the date stated in the note, and would make it payable by agreement of the parties thirty days after the written demand for payment. It is sufficient for the maturity of the cause of action that the written notice was given more than thirty days before the commencement of the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion.

Frank I. Kingwell, for Appellant.

T. Z. Blakeman, for Respondent.

CHIPMAN, C.—Action on promissory note executed by defendant to plaintiff. Plaintiff had judgment, from which defendant appeals on the judgment-roll. The note sued upon was for six hundred dollars, and was dated May 22, 1894, and among other things contains the following provision: "Thirty days after written notice is served upon me for payment, I promise to pay," etc. The complaint alleges as follows: "That heretofore, to wit, on the twenty-second day of May, 1898, . . . the defendant . . . . made and delivered to the plaintiff . . . . his promissory note in words and figures as follows, to wit." Then follows copy of the note showing its date to be May 22, 1894, and not May 22, 1898. The written notice of demand by plaintiff upon defendant is dated May 2, 1898, and describes the note for which payment is demanded to be "the promissory note dated May 22, 1894, made by you to me for six hundred dollars," etc. The complaint was verified and was filed June 6, 1898, more than thirty days after notice of demand, and there was no demurrer filed. The answer denies no allegation of the complaint except as to notice of demand for payment; this is an admission that defendant executed the note set out in the complaint. The court found that the notice was served on defendant on May 2, 1898, as alleged in the complaint; that defendant has not paid the amount of the note, or any part of it, and that the whole thereof was due and unpaid when this action was begun. The findings also show that oral and documentary evidence was introduced by plaintiff, and that defendant testified in his own behalf.

The only point made by appellant is that the note was delivered on May 22, 1898, and the notice of demand was therefore prematurely made on May 2, 1898, as no notice to pay could lawfully be given until after delivery of the note.

The complaint speaks of the note as having been "made and delivered" on May 22, 1898, while the notice given corresponds with the actual date of the note, to wit, May 22, 1894, and apparently refers to the note sued upon. The date of the execution and delivery of the note as stated in the complaint is obviously a clerical error which, in the absence of the evidence, and in support of the findings and judgment, we must presume was explained by the witnesses. The court found that the note referred to in the notice was the note sued upon, and that the notice was served May 2d, and not on May 22d as appellant assumes, and these findings cannot be questioned on this appeal. Furthermore, if defendant delivered the note after he received the notice, and it was antedated, it would not follow that the notice was premature; it would still apply to the note as actually dated, and the action could be brought after thirty days from service of notice. The date of the note was not material; it was payable thirty days after demand for payment by agreement of the parties (*Collins v. Driscoll*, 69 Cal. 550); and the court found that this notice was given more than thirty days before the action was commenced.

There is no merit in the appeal, and the judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.