[No. 14931.   Department Two.   January 9, 1919.]

# CASHMERE STATE BANK, *Appellant,* v. W. S. RICHARDSON *et al., Respondents.*[1]

FRAUDULENT CONVEYANCES (4)—BADGES OF FRAUD—EFFECT.  Retaining possession of a warranty deed by the grantor in failing circumstances is not alone a sufficient badge of fraud to warrant set-. ting aside, as fraudulent, a deed given to a mortgagee of the premises in satisfaction of the mortgage.

SAME (82)—EVIDENCE—BURDEN OF PROOF.  In attacking a conveyance as fraudulent, the burden of proof is upon the plaintiff to establish its case, even if no testimony in defense is offered.

SAME   (97)—EVIDENCE—SUFFICIENCY—CONSIDERATION.   Since a debtor in failing circumstances may prefer a creditor, even to the exhaustion of all his property, a conveyance of mortgaged premises in satisfaction of a mortgage will not be set aside as fraudulent unless the consideration is so grossly inadequate as to amount to fraud; and that does not appear where foreclosure was threatened, the transaction was free from concealment or bad faith and after offer to sell the mortgage to a creditor who did not consider it a safe investment.

[1] Reported in 177 Pac. 727.

LIS PENDENS (6)—RELEASE—DISMISSAL. Upon dismissal of a case on the merits, it is proper to clear the record of any cloud by releasing the *lis pendens*.

Appeal from a judgment of the superior court for Chelan county, Hill, J., entered January 10, 1918, in favor of the defendants, dismissing an action for equitable relief, tried to the court. Affirmed.

*Charles F. Wallace* and *Corbin, Whitney & Easton,* for appellant.

*Crollard & Crollard,* for respondents.

HOLCOMB, J. — Appellant instituted this action against respondents for the purpose of having canceled and set aside two mortgages and a deed, claiming that they were fraudulent. The Richardsons and Millers not having appealed, it becomes unnecessary to consider the legality of the two mortgages to the Millers, which were annulled and ordered canceled.

Appellant was the payee and the assignee of two notes executed by the defendants Richardson. The Richardsons, being unable to meet their indebtedness, assigned to the bank seventy-five per cent of the proceeds of their 1915 apple crop for the benefit of their unsecured creditors. The Morris Hardware Company was the payee and owner of a mortgage executed by the Richardsons on 10.88 acres of orchard. When the hardware company learned that the distribution of the proceeds of the 1915 apple crop had been made without considering its indebtedness, it immediately took the matter up with the bank. Failing to get a share out of the 1915 assignment, the hardware company made a proposition to the bank that it would forbear, along with the other creditors, with a *pro rata* division another season, providing it should first be paid out of the 1916 crop interest of about $330

that should have been paid in 1915. The bank refused this proposition and stated that it wished it were in the hardware company's shoes as an amply secured creditor. The hardware company offered to sell its mortgage and notes to the bank, but the bank wanted time to think it over. Nothing was done for a week or ten days, when the hardware company informed the bank that something must be done or it would foreclose its mortgage if it could not get a deed to the property. The bank did not accept the hardware company's proposition, and on March 10, 1916, the hardware company was successful in obtaining a deed from the Richardsons.

The bank, learning of the transfer a few days later, did nothing until it reduced its indebtedness to a judgment on December 6, 1916. In February, 1917, appellant, being unsuccessful in supplemental proceedings against the Richardsons, conceived the idea that the taking of the deed by the Morris Hardware Company from the Richardsons, instead of foreclosing its mortgage, was fraudulent, and instituted this action. At the close of appellant's evidence, the court, on motion, dismissed the action as to Morris Hardware Company, and released its property from the *lis pendens* which had theretofore been filed. This appeal involves the question whether the taking of a deed to the 10.88 acres of orchard from the Richardsons by the Morris Hardware Company, instead of proceeding with a foreclosure, was in law a fraud upon the creditors.

Appellant contends that the evidence shows the following badges of fraud. (1) Retention of possession by grantors; (2) conveyance of all debtors' property by deed and mortgage; (3) false recitals in instruments of conveyance; (4) secret trust; (5) generalities; (6) out of usual course of business; (7) inade-

quacy of consideration; (8) unusual mode of payment; (9) absence of evidence, and (10) lack of proof of payment of consideration.

Physical occupation by the grantor of real estate after title has passed by recorded transfer is of no importance unless there is other evidence of bad faith or a secret trust in the estate. Although the proof of all or any of the foregoing badges of fraud, when flagrant, may be sufficient to sustain fraud in some cases, we cannot say from the evidence that appellant's evidence is sufficient to sustain its burden of proof. The trial court had the advantage of seeing and hearing the witnesses testify, and is a better judge of their credibility than are we from the cold typewritten pages before us. The plaintiff must establish his case before the defendant is obligated to offer any evidence in defense, and the mere fact that the defendants here offered no testimony can have no bearing, if, in fact, plaintiff failed to satisfactorily sustain its necessary burden of proof. The law of this state is well settled that an individual debtor in failing circumstances may prefer one creditor over another, even to the exhaustion of his property, if the value of the property given is not so grossly in excess of such creditor's claim, or the consideration is not so grossly inadequate, that it is palpably a fraud upon all other creditors.

There was no proof of any secret trust created by the parties whereby title should, under any contingency, return to the Richardsons.

This case resolves itself into a determination only of whether or not the value of the 10.88 acres of orchard, which appellant claims was from $9,284 to $10,880, is so grossly in excess of the Morris Hardware Company's claim at the time of the conveyance that, in

view of all the circumstances, it amounted to fraud upon the Richardsons' creditors. The hardware company's mortgage was $3,300, and interest, $400; and store bill, $78; Columbia Valley Lumber Company's prior mortgage, $330; on one Newbauer's mortgage a balance of $323.95, previously paid by the hardware company (all assumed by respondent); unpaid taxes, $171; water assessments about $100; in all aggregating $4,621.86; and in case of foreclosure, an attorney's fee and costs would have been added. Appellant had the opportunity offered it by respondent to buy its mortgage, but could not see that the property was sufficiently valuable at that time to satisfy its demands or to make it a safe investment. The evidence shows that the orchard had been neglected, that trees were from eight to thirteen years of age and of too many varieties. The testimony as to values offered by appellant was not all of it positive, and much of it was conditional in its application.

We cannot say that, under the circumstances, the consideration involved for the conveyance was so grossly inadequate as to amount to fraud.

As between these parties, the transaction was most open and free from stealth, concealment, misrepresentation, or bad faith.

The appellant further contends that the releasing of the *lis pendens* was error. In view of the trial court's judgment dismissing the action upon the merits, it was also proper to clear the record of any cloud that the adverse party by its action had produced. The appellant was amply protected by its superseding the judgment.

Finding no reversible error, the judgment is affirmed.

MAIN, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.