[Civ. No. 1908.   Fourth Appellate District.—April 8, 1936.]

W. H. COMSTOCK, as Receiver, etc., Respondent, v. GEOR-
GIANA FINN, Appellant.

Harmel L. Pratt for Appellant.

Williamson, Ramsay & Hoge, Fulton Hoge and Kenneth E. Ramsay for Respondent.

MARKS, J.—This is an action in ejectment brought by W. H. Comstock, as receiver of the United States Building and

Loan Association of Los Angeles, against defendant to obtain possession of real property situated in the city of Altadena, county of Los Angeles, state of California, and to recover damages for its wrongful detention, its rents, issues and profits. The trial court found that plaintiff was owner in fee simple of the property and entitled to its possession. From this judgment defendant has appealed upon the judgment roll alone.

The facts found by the trial court show the following: On May 18, 1925, Richard D. Johnson and wife were the owners of the property and upon that day they executed a mortgage on it to secure their promissory note for the sum of $5,000, payable four years after date, to E. P. Janes. The mortgage was duly recorded on the first day of June, 1925. On June 8, 1925, E. P. Janes endorsed the note in blank and assigned it and the mortgage to John P. Whitaker. John P. Whitaker died. His estate was probated and the note and mortgage were distributed to Frances H. Whitaker, his widow, by a decree of distribution dated August 5th, and recorded August 11, 1927.

On December 12, 1925, Richard D. Johnson and his wife executed a deed conveying title to the real property to Wilbur T. Little, who subsequently conveyed it to Alfred Brandt and wife. They conveyed it to Lillian M. Dixon. All of the deeds were duly recorded, the last one on October 21, 1926.

In the month of July, 1927, A. H. Dixon, the husband of Lillian M. Dixon, acting as her ostensible agent, informed Mrs. Whitaker that he and his wife could not pay the mortgage and that they desired to turn over the real property to her. Mrs. Whitaker assented to this arrangement, and prior to August 12, 1927, instructed her attorney, Robert H. Harms, ''to wipe out the mortgage and get the property in my name''.

On August 12, 1927, Mrs. Whitaker, without consideration, assigned the mortgage and note to Robert H. Harms, in whose possession these instruments then were, the note being payable to bearer. At that time there was no default under their terms.

On August 17, 1927, for the purpose of securing a loan of $2,500 from the United States Building and Loan Association, Robert H. Harms executed and delivered to it an assignment of the note and mortgage. He also delivered the note and mortgage together with the assignment of the mortgage from

Mrs. Whitaker to him and received the $2,500. The United States Building and Loan Association had no notice of any defect in the title of Robert H. Harms.

After the oral agreement to surrender the property A. H. Dixon delivered the keys to Mrs. Whitaker and told her to take possession. Some time in the fall of 1927 A. H. Dixon and his wife signed and acknowledged a deed to the property and mailed it to Robert H. Harms as agent of Mrs. Whitaker. Harms kept the deed and it was neither found nor recorded. The mortgage and note were not surrendered to A. H. Dixon and his wife or their predecessors in interest and the mortgage was never released.

Simultaneously with the transaction with the Dixons, Mrs. Whitaker negotiated with defendant Georgiana Finn and her husband, Cornelius M. Finn, for the sale of the property. An oral agreement of sale was entered into between Mrs. Whitaker and Mrs. Finn, and her husband. On September 1, 1927, the oral agreement was reduced to writing, the terms of which called for a total payment of a purchase price of $6,500 in instalments of which $4,795 was paid to Mrs. Whitaker. In August, 1927, Mrs. Whitaker was informed by her attorney, Robert H. Harms, that the title to the property was ''all fixed'' and that it was now hers. She believed that the title was in her name; that she owned the property; that the mortgage had been released and on the 19th of August she delivered the keys to the defendant and her husband, who then began to take possession. They completed the move on August 30, 1927, and have resided on the premises ever since.

On January 29, 1931, Cornelius M. Finn, by grant deed recorded on January 31, 1931, conveyed all of his interest in the property to his wife, the defendant. On October 24, 1930, upon foreclosure proceedings brought by the United States Building and Loan Association against Lillian M. Dixon, Robert H. Harms and his wife, upon the note and mortgage of Richard D. Johnson and Bertha E. Johnson, all of the defendants defaulted, and a decree of foreclosure was made and entered and the property ordered sold. Thereafter sale of the premises was made to plaintiff as receiver of the United States Building and Loan Association, and on the 6th of June, 1932, a deed was executed and delivered to him.

Mrs. Whitaker paid the taxes levied against the property for the fiscal year 1927–1928 and was reimbursed by defendant. Defendant paid all taxes levied or assessed upon the property for the four succeeding years.

The complaint in this action was filed August 31, 1932. In addition to the foregoing facts the trial court found as follows: "That after taking possession of said real property above described on said 30th day of August, 1927, said defendant occupied the said premises under a substantial enclosure, openly and notoriously, under a claim of right, and said occupancy was continuous and uninterrupted for a period of five years prior to the commencement of the action; said occupancy, however, was not hostile or adverse to the plaintiff herein or to his title in said real property, nor to the preceding owner of the mortgage lien thereon."

Defendant bases her defense upon two theories: (1) that she is lawfully in possession by virtue of the agreement of sale executed by Mrs. Whitaker and that Mrs. Whitaker's possession was adverse to the mortgagors and those claiming under them and therefore was adverse to that of plaintiff who derived title to the property from the assignees of the mortgagor; and, (2) that the plaintiff's cause of action is barred by section 318 of the Code of Civil Procedure.

There are five elements required to establish an adverse possession sufficient to constitute a defense under the statute of limitations: (1) The possession must be actual occupation, open and notorious, and not clandestine. (2) It must be hostile to the true owner's title. (3) It must be held under a claim of title, exclusive of any other right, as one's own. (4) It must be continuous and uninterrupted for a period of five years prior to the commencement of the action, not, however, necessarily the next before the commencement of the action. (5) It must appear that the claimant has paid all taxes levied or assessed upon the land. As a general rule there must be a concurrence of all these elements. (1 Cal. Jur. 522.)

As we have seen, the trial court found that the possession of defendant "was not hostile or adverse to the plaintiff herein or to his title in said real property, nor to the preceding owner of the mortgage lien thereon".

Inasmuch as it is through Mrs. Whitaker that the defendant is claiming title, the finding that the 1927 taxes were

paid by Mrs. Whitaker and the subsequent taxes paid by the defendant would satisfy the requirements of section 325 of the Code of Civil Procedure. Therefore, the trial court found four of the five elements necessary to establish an adverse possession sufficient to constitute a defense under the statute of limitations. However, as a general rule, there must be a concurrence of all of these elements. The court expressly found that the necessary element of hostility and adversity to plaintiff was lacking. Therefore, the lack of hostility and adversity on the part of the disseisor is the failure of an essential element of adverse possession. It follows, therefore, that defendant's claim that she was in lawful possession under a title in Mrs. Whitaker which had ripened by adverse possession must fail as neither Mrs. Whitaker nor defendant had any such title.

■ Defendant earnestly urges that the trial court's finding that possession was not adverse to plaintiff or the preceding holders of the mortgage is not binding on us where all facts are fully set forth in the findings and do not sustain such conclusion. She further contends that although the trial court found the occupation of defendant was not hostile or adverse to the plaintiff, the other findings show that the possession of defendant was actually hostile and adverse.

"This is an appeal upon the judgment-roll alone, and the findings are conclusively presumed to be supported by the evidence; furthermore, it is also elementary that they are to receive, if possible, such a construction as will uphold rather than defeat the judgment thereon; they are to be liberally construed and, if possible, any ambiguity or inconsistency will be resolved in favor of sustaining the judgment." (*Ochoa* v. *McCush,* 213 Cal. 426 [2 Pac. (2d) 357].)

■ It is true that the court found that Mrs. Whitaker put defendant into possession believing that she was the owner of the fee of the property free and clear of the mortgage. It is true also that the court found that the possession was not hostile or adverse to plaintiff. "The possession of a mortgagor, or his assignee, is not only entirely consistent with the rights and estate of the mortgagee, but, as a general rule, cannot be adverse thereto until he has denied the mortgagee's rights under the mortgage and set up an exclusive title in himself, so openly and notoriously that the mortgagee must have known of the adverse claim." (1 R. C. L. 748.)

Under this rule the finding that the possession of Mrs. Whitaker and defendant was open and notorious, under claim of right and continuous and interrupted for five years is not inconsistent with the finding that it was not hostile or adverse to plaintiff.

A further reason appears why the judgment must be affirmed. In California a mortgage does not give the mortgagee right of possession of the mortgaged premises in the absence of a special agreement to that effect. Neither the United States Building and Loan Association, nor plaintiff, had any right of possession of the mortgaged premises during the period allowed for redemption and until delivery of the sheriff's or commissioner's deed. (*First National Trust & Savings Bank of San Diego* v. *Staley,* 219 Cal. 225 [25 Pac. (2d) 982].) A situation involving a legal principle similar to the one before us was before the Supreme Court in the case of *Leonard* v. *Flynn,* 89 Cal. 535 [26 Pac. 1097, 23 Am. St. Rep. 500], where it was said: "Plaintiff's grantor, as we have already seen, was not possessed of the legal title to this tract of land until he received the deed from the sheriff, May 28, 1888. He had no right of entry until that time, and it was only at that time that his cause of action accrued. The statute of limitations does not begin to run until the cause of action has accrued. (*Collins* v. *Driscoll,* 69 Cal. 550 [11 Pac. 244].) If he had no right of entry until 1888, it would be a harsh rule to hold that a title by adverse possession was undergoing the process of creation against him prior to that time; yet there are some reasons, and also authority from other states, supporting such rule of law. (*Pratt* v. *Pratt,* 96 U. S. 704 [24 L. Ed. 805].) We will not enter into a detailed discussion of this question, owing to the fact that it is essentially a rule of property, and therefore it is of vast importance that the law as heretofore laid down by this court should be deemed unquestioned and conclusive. 'The statute of limitations does not commence running against a purchaser of land at a sheriff's sale until the sheriff's deed has been delivered to the purchaser'. (*Jefferson* v. *Wendt,* 51 Cal. 573.)" It follows that as plaintiff's right of possession did not accrue until June 6, 1932, and as there had been no holding of possession hostile and adverse to his interest prior to that time no title

by adverse possession was established against him or his predecessor in interest.

There are cases holding that a person in possession may gain title by adverse possession, against a mortgagee, where the adverse possession antedated the mortgage. Those cases are not controlling here, as in the instant case the asserted adverse possession started, if at all, subsequent to the date and recordation of the mortgage.

■ Defendant claims that the cause of action is barred by section 318 of the Code of Civil Procedure. That section reads as follows: "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question within five years before commencement of the action."

The trial court expressly found that plaintiff is now, and ever since June 7, 1932, has been the owner and entitled to possession of the property; that Mrs. Whitaker, through whom defendant claims, was not an adverse possessor; that plaintiff was seized of the property in question on June 7, 1932. Therefore, section 318 of the Code of Civil Procedure has no application to the facts of the instant case as plaintiff was seized of the property within five years before the commencement of the action.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 4, 1936.