[Civ. No. 2512. Fourth Appellate District.—March 14, 1940.]

A. W. LOHN et al., Respondents, v. FLETCHER OIL COMPANY, INC. (a Corporation), Appellant.

Proctor K. Perkins for Appellant.

Raphael Dechter and B. L. Hoyt for Respondents.

THOMSON, J., *pro tem.*—This is an appeal from a judgment in a suit for declaratory relief, upon the judgment roll alone.

The record discloses that the respondents, as trustees for the benefit of the creditors of the Colly Oil Company, filed a complaint against appellant, seeking a declaration by the court of the rights, duties and obligations of respondents under an alleged written option to purchase oil.

On April 3, 1935, and prior to the time respondents became such trustees, Colly Oil Company entered into an agreement in writing with appellant which gave appellant the right and option to purchase all or any part of the oil and gas produced from a well then being drilled by the Colly Oil Company, and to pay the posted market price therefor. In August, 1935, the well was placed on production. It is alleged in the complaint and found by the court in its findings, that demand was made upon appellant that it accept the production in accordance with the terms of the option, and that appellant refused to purchase or take any part of the production. It is further found by the trial court that, on August 20, 1935, Colly Oil Company informed appellant that it had an opportunity to make a contract for one year with the Mercury Petroleum Corporation, Inc., and thereupon appellant stated

that it did not need and could not use the oil produced from said well, and that it was agreeable to appellant that such contract be made, and that "on said 20th day of August, 1935, the agreement of April 3, 1935, was abandoned by the mutual consent of the parties thereto". The trial court also found that no consideration existed for the granting of the option; that said option agreement is unenforceable because it is uncertain in that it does not specify the quantity of oil to be purchased by defendant and it lacks mutuality, and the option "was not exercised within a reasonable time, such exercise of option not taking place until August 4, 1936". The trial court further found that plaintiffs did not assume the option agreement, "that an actual controversy and *bona fide* dispute exists between the plaintiffs and defendant herein relating to the legal rights, duties and obligations under the terms of said alleged contract of April 3, 1935", and that this is a proper case for the court to exercise its discretion to declare the rights of the parties under said contract. The trial court entered judgment that said agreement of April 3, 1935, is unenforceable and of no effect and that respondents are entitled to dispose of the oil from the well free from liability by reason of said agreement and enjoining defendant from asserting any claim against the oil or gas from said well by reason of said agreement.

Appellant's contentions on appeal may be briefly summarized as follows: That the findings of fact do not support the conclusion of law to the effect that there was an abandonment of the contract, or the conclusion of law that no consideration existed for the granting of the option, or the conclusion of law that the agreement is void for uncertainty; and that the finding of fact that the defendant's election to exercise the option was not made within a reasonable time is contradicted by other findings.

The question of whether or not the option was mutually abandoned, or whether or not a valid consideration existed, or whether or not the option was exercised within a reasonable time are matters to be determined by the trial court and, if the judgment can be sustained upon any one of these findings it must be affirmed.

The complaint alleges that demand was made on appellant to accept the oil from the well in accordance with the option agreement, but that appellant refused to purchase or take all

or any of it, and that the contract with the Mercury Petroleum Corporation, Inc., was made with the knowledge and consent of appellant and in reliance on its refusal to take said oil. These allegations are denied by the answer, but the trial court found that they were true and found that appellant "stated that it did not need and could not use the oil"; and that the option agreement was abandoned by the mutual consent of the respondents and appellant. ■ Abandonment of a contract is a matter of intent and is to be ascertained from the facts and circumstances surrounding the transaction out of which the abandonment is claimed to have resulted. It may be implied from the acts of the parties. (*Treadwell* v. *Nickel,* 194 Cal. 243, 259 [228 Pac. 25].) ■ Appellant points out that abandonment is not alleged in the complaint. We believe the allegations above referred to are sufficient to raise the issue of mutual abandonment of the contract. ■ But even if they were not, it would be of no avail to appellant for the reason that where, as here, the appeal has been perfected on the judgment roll alone, it is conclusively presumed not only that the evidence amply supports the findings (*Ochoa* v. *McCush,* 213 Cal. 426, 430 [2 Pac. (2d) 357]; *Delanoy* v. *Delanoy,* 216 Cal. 23, 27 [13 Pac. (2d) 513]), but also that all the facts found by the court and not within the pleadings were treated by all parties as issues properly before the court during the trial of the action; that the pleadings were treated as sufficient to raise the issues upon which the findings were made; and that the evidence in support of such issues was received without objection. (*Chow* v. *City of Santa Barbara,* 217 Cal. 673, 681 [22 Pac. (2d) 5]; *Samuels* v. *Singer,* 1 Cal. App. (2d) 545, 552 [36 Pac. (2d) 1098, 37 Pac. (2d) 1050].) ■ Appellant also asserts that the finding of mutual abandonment is contradicted by the further finding to the effect that, after said well had been on production for more than a year, appellant notified respondents that it elected to purchase the oil, and the finding that appellant said it was agreeable to it that the contract be made with the Mercury Petroleum Corporation, Inc. We cannot agree with this contention. The findings of a trial court must be liberally construed and, if possible, they are to receive such a construction as will uphold, rather than defeat its judgment thereon. (*Ochoa* v. *McCush, supra,* p. 430.) Especially is this true on appeal from a judgment upon the judgment roll alone

(*Hamberger, etc.*, v. *Lewin*, 101 Cal. App. 704 [282 Pac. 425];
*Middleton* v. *Parsons*, 22 Cal. App. (2d) 250, 251 [70 Pac.
(2d) 515].) It would be an unwarranted and unjust inter-
pretation of the option agreement to hold that, after appellant
refused to purchase any of the oil from respondents and
stated that it did not need and could not use any of the oil,
and thereby induced respondents to enter into a contract with
a third party for the sale of the oil, it might wait more than
a year and then revive the agreement by notifying respond-
ents that it exercised the option to purchase the oil. The only
reasonable construction of the findings relative to the ques-
tion of abandonment of the option agreement impels the con-
clusion that they are not inconsistent and that they sustain
the judgment.

Counsel for appellant urges that, because no time limit was
expressly fixed in the option agreement for the exercise of
the option, and because appellant could not have obtained the
oil if it had attempted to exercise its option during the year
that the Mercury Petroleum Corporation, Inc., contract was
in force, it was necessary for it to wait until the expiration
of that contract before notifying respondents that it elected
to exercise its option, and for that reason its exercise of the
option was within a reasonable time. It is a well-settled
principle of law in this state that, where the option agreement
is silent as to the time for exercising the option, the optionee
must exercise his option within a reasonable time. (25 Cal.
Jur., p. 517, sec. 42; *Standard Box Co.* v. *Mutual Biscuit Co.*,
10 Cal. App. 746, 750 [103 Pac. 938]; *Smith* v. *Bangham*,
156 Cal. 359, 363 [104 Pac. 689, 28 L. R. A. (N. S.) 522].)
The court found that the option was not exercised within a
reasonable time, and that appellant notified respondents of
its election to exercise the option after the option agreement
had been abandoned by the mutual consent of the parties
thereto. It is true that the trial court found that said Colly
Oil Company informed appellant that "it had the opportu-
nity of making a contract for one year with the Mercury
Petroleum Corporation"; that thereupon the appellant
"stated that it did not need and could not use the oil pro-
duced from the well of the Colly Oil Company, and that it
was agreeable to them that such contract be made". But the
court also found that demand was made on appellant to ac-
cept the production from the well and appellant refused to

purchase or take all or any part of said oil. There is nothing inconsistent or contradictory about these findings. They could all be true and the court would be justified in finding, perhaps compelled to find, that an attempted exercise of the option a year later was not within a reasonable time. ■ What is a reasonable time for the exercise of an option by the optionee depends upon the facts and circumstances of the particular case and in this case it was a matter for the trial court to determine. It is incumbent upon the appellant to show error by the record on appeal. No transcript of the evidence being before us and nothing appearing in the record to indicate an erroneous finding on the subject, we must assume that the evidence was sufficient to sustain the finding on that issue. (*Ochoa* v. *McCush, supra.*)

■ If either the trial court's conclusion that the option agreement was mutually abandoned, or its finding that appellant did not exercise its option within a reasonable time, is correct and sustained by the record on appeal, the option agreement is unenforceable and the judgment must of necessity be affirmed. It is our conclusion that both stand unimpeached on the record before this court and amply support the judgment. We therefore deem it unnecessary to determine or comment upon the other matters touched upon in the briefs of counsel.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.