[Civ. No. 6842.·  Fourth Dist.  Aug. 2, 1962.]

WALTER HARDEN et al., Plaintiffs and Respondents, v.
WILLIAM MORRIS TAYLOR, Defendant and Appellant.

William Morris Taylor, in pro. per., for Defendant and
Appellant.

Wadsworth, Fraser & McClung and Robert H. Dahl for
Plaintiffs and Respondents.

SHEPARD, J.—This is an appeal by William Morris Taylor
from an order denying appellant's "Motion to Record Notices
of Dismissal and to Release Attachments."

## FACTS

From the record before us it appears that some time in
October 1958, the above-entitled action was filed in the Supe-
rior Court of Riverside County; that appellant was named as
one of the parties defendant along with another party named

Clifford J. Ely; just who the other defendants in the action were does not appear; a writ of attachment was issued and *lis pendens* was recorded in 32 counties in California; undescribed land of appellant (which appellant merely states was a "large amount") was attached.

After communicating with plaintiffs' counsel, appellant received a "dismissal" on June 21, 1959. On October 2, 1959, appellant filed a "Motion to Record Notices of Dismissal and to Release Attachments" with attached affidavit and points and authorities, but did not then serve any of such documents on opposing parties or counsel nor call the motion for hearing. On December 28, 1959, a direction to dismiss the action as to appellant without prejudice was filed with clerk of court and such dismissal was entered the same day. On January 7, 1960, appellant filed a notice of motion to increase the bond on attachment. The record likewise fails to show service of this notice or the attached affidavit. However, a minute order appears as of February 11, 1960, in which the motion is denied. Therein it is recorded, "The Court finds that the action has been dismissed as to the said defendant." On March 27, 1961, a notice that the motion filed October 2, 1959, would be called for hearing on April 7, 1961, was mailed to counsel for plaintiffs and to Wallis D. Wilson. A minute order as of April 7, 1961, simply recites, "Argued by counsel. Motion Denied."

Nowhere in the record before us does it appear exactly what the issues were in the action, nor who the parties defendant were. No copy of the complaint and answer accompany the record. Nothing in the record shows what land was, in fact, attached. In appellant's affidavit he alleges that he owns land in 32 counties. He says that he deeded said land in 1957 to Ranch Development Corporation and took back a purchase-price mortgage on some sort of title clearance condition; that at that time he reserved an interest in the land for Edna M. Helvey, Mrs. George N. Foster, and Georgette McGregor. It is also apparent that an undetermined number of other persons may have or claim some interest, for he says the transfer to Ranch Development Corporation was for the purpose of clearing title. That some or all of such persons are defendants is not negated by any part of the record. What was presented to the trial court in argument is not disclosed. Even the augmentation of the record secured by appellant some three months after filing his brief on appeal does not help us.

The motion is to compel plaintiffs to record a notice of dismissal as to appellant in each of the named 32 counties

and to release from attachment and record notices of dismissal of the action against some 50 parcels of property located in San Bernardino, Riverside and Los Angeles Counties. Some of his allegations hint at malicious prosecution and slander of title but those actions are not here involved. But he does not supply the identity of parties, issues, or property interests necessary for us to determine whether or not there was any merit in his motion for release of attachment, which relates to the only portion of the order which is appealable. It seems apparent that on the record some of these elements were probably missing in the presentation to the trial court.

Assuming, without deciding, that appellant, having been dismissed as a party, still had the right to appeal because specially aggrieved by the order, nevertheless, he has not fulfilled his duty to bring us a record from which error by the trial court can be found. ▪ As was said in *Lohn* v. *Fletcher Oil Co., Inc.,* 38 Cal.App.2d 26, 32 [100 P.2d 505], "It is incumbent upon the appellant to show error by the record on appeal," and in *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 10 Cal.2d 307, 326 [74 P.2d 761], "Error is never presumed, but must be affirmatively shown." See also *Whitney* v. *Redfern,* 41 Cal. App.2d 409, 413 [1-5] [106 P.2d 919]; *Bird* v. *Bird,* 152 Cal. App.2d 99, 101 [2] [312 P.2d 773].

Appellant cites several out-of-state cases to show that cancellation of the *lis pendens* is the proper remedy. In these cases, *Cashmere State Bank* v. *Richardson,* 105 Wash. 105 [177 P. 727, 728 [4]], and *Weisinger* v. *Berfond,* 21 Misc.2d 788 [198 N.Y.S.2d 799, 811 [12]], there was a determination on the merits and a specific statute authorizing cancellation. These cases are not in point.

▪ Appellant has not cited nor have we been able to discover any authority for appeal from the order denying "Motion to Record Notices of Dismissal." Certainly this does not affect the judgment or its execution as that rule has been interpreted. (*Simmons* v. *Santa Barbara Ice etc. Co.,* 162 Cal. App.2d 23 [327 P.2d 141].)

The attempted appeal from Order Denying "Motion to Record Notices of Dismissal" is dismissed.

The order denying Motion for Release of Attachments is affirmed.

Griffin, P. J., and Coughlin, J., concurred.