[Civ. No. 32176. Second Dist., Div. One. Dec. 16, 1968.]

NETTIE FAYE HARVEY, Plaintiff and Appellant, v.
ALEX NURICK, Defendant and Respondent.

Robert A. Doyle for Plaintiff and Appellant.

Rich & Ezer and Mitchel J. Ezer for Defendant and Respondent.

214

LILLIE, J.—Plaintiff appeals from a judgment quieting title in defendant to certain property located on East Vernon Avenue in the City of Los Angeles and determining that plaintiff has no interest herein either through adverse possession or otherwise; the same judgment also dissolved a preliminary injunction covering the premises.

The sole question for determination is the sufficiency of the evidence to support the trial court's conclusion that plaintiff did not satisfactorily establish by adverse possession the validity of her title to the subject property.[1] Since factual questions only are presented and in view of the governing rule (fn. 1), we have concluded that the judgment must be affirmed.

The record reveals several transactions, commencing in 1955, affecting title to the property. Prior thereto, in 1951, plaintiff and her husband first acquired ownership of the premises; in 1955 they borrowed $4,000 from parties named Blue, giving the latter a trust deed as security therefor. Later that year the Blues assigned their interest in the trust deed to one Flora Moheno. In January of 1958 the trust deed thus assigned was foreclosed by trustee's sale, the property being purchased by the holder of the beneficial interest (Moheno). Subsequently, on January 30, a trustee's deed naming Moheno as grantee was duly recorded. In August of 1960, by grant deed duly recorded, Moheno conveyed the property to her then husband, Barnett Berkey; in July of the following year, Berkey encumbered the property in order to borrow $8,000—one Blanca Escoto appears as beneficiary in the trust deed then given and recorded. On June 22, 1962, Berkey gave plaintiff a grant deed to the property; he did so in settlement of a civil suit (assault and battery) instituted against him by plaintiff. On February 13, 1964, the Berkey-Escoto trust deed was foreclosed by the trustee named therein; defendant Nurick subsequently purchased the property at the trustee's sale and was given a trustee's deed following such sale.

A person claiming title to property by adverse possession, such as plaintiff here, must establish five indispensable elements with respect to his occupancy. They are epitomized in *West* v. *Evans*, 29 Cal.2d 414, 417 [175 P.2d 219]: (1)

---

[1]In this connection, parenthetically, error is specifically assigned to the finding that defendant acquired title to the premises by virtue of a certain trustee's sale; but in an action such as this the plaintiff may recover only upon the strength of his or her own title, and not upon the weakness of defendant's title. (*Ernie* v. *Trinity Lutheran Church*, 51 Cal.2d 702, 706 [336 P.2d 525].)

Possession must be by actual occupation under such circumstances as to constitute reasonable notice to the owner; (2) possession must be hostile to the owner's title; (3) the holder must claim the property as his own, under color of title or claim of right; (4) possession must be continuous and uninterrupted for five years; and (5) the possessor must pay all taxes levied and assessed upon the property during the period. "Unless each one of these elements is established by the evidence, the plaintiff has not acquired title by adverse possession." (*Supra*, p. 417.)

There seems to be little question but that plaintiff actually and continuously resided on the subject premises from 1951 until 1963 when the instant action was commenced; however, in light of the elements noted in *West*, it does not necessarily follow that such occupancy was adverse. Appellant's opening brief makes the rather curious claim that she was in adverse possession throughout the above period, but during the first few years thereof until the Harvey-Blue transaction, she and her husband owned the property free and clear of encumbrances and, therefore, their possession in light of (2) *supra* could not be hostile to themselves as owners. Nor did any hostility of possession commence upon the execution in 1955 of the trust deed in favor of the Blues which was later assigned to Flora Moheno. A mortgage does not give the mortgagee the right of possession in the absence of a special agreement; hence where a mortgagor stays in possession (as here), the adverse possession statute does not begin to run in his favor until foreclosure and, in the instant case, the delivery of the trustee's deed. (*Comstock* v. *Finn*, 13 Cal.App.2d 151, 157 [56 P.2d 957].) Such delivery, as noted above, occurred on January 30, 1958, on which date plaintiff's continued occupancy of the premises then became ostensibly hostile to the interests of its new owners absent other circumstances negativing the nature of such occupancy.

In this latter connection, and as shown above, in August of 1960 Flora Moheno conveyed the subject property to Berkey. According to Berkey, plaintiff's status was that of a tenant; before and after he acquired title from Flora Moheno plaintiff paid rent for use of the premises; she was occasionally delinquent in her payments and on two occasions collection suits had to be instituted. "It is a general rule that a lessee in possession of real property under a lease cannot dispute his landlord's title nor can he hold adversely to him while holding under the lease." (*Swartzbaugh* v. *Sampson*, 11 Cal.App.

2d 451, 462 [54 P.2d 73].) True, there was testimony by plaintiff to the contrary but it is a question of fact for determination by the trial court whether a person's possession of land is adverse or permissive. (*Alper* v. *Tormey,* 7 Cal. App. 8, 11 [93 P. 402].)

Element (5), *supra,* requires the adverse possessor to pay all taxes levied and assessed during the period in question. Again, there was a conflict in the evidence respecting compliance with the above prerequisite. Taxes on the property for the 1961-1962 fiscal year were assessed to Berkey and he purportedly made payments thereon at the appropriate office. Plaintiff, on the other hand, testified that certain receipts given her by Berkey were receipts for taxes and not rent; she was unable, however, to produce such receipts upon trial. It thus appears that factual questions were again presented (*Williams* v. *Stillwell,* 217 Cal. 487, 493 [19 P.2d 773]), the resolution of which is conclusive at this stage of the proceedings.

Finally, there is the requirement that the adverse possession must be continuous and uninterrupted for five years—element (4), *supra.* In the instant case, however, plaintiff's possession falls considerably short of the five-year period which represents the absolute minimum fixed by statute. (Code Civ. Proc., § 325.) Plaintiff became divested of any interest in the premises upon the delivery of the trustee's deed to Moheno— January 30, 1958. Thereafter, she was not possessed of any record legal title until the receipt of Berkey's grant deed— June 22, 1962. Accordingly, there was not, nor could there be, any showing of occupancy for the required statutory period.

Plaintiff's brief contains no discussion of any claimed invalidity inherent in defendant's title which, as noted at the outset, was established by the delivery of a trustee's deed following foreclosure and sale; nor is challenge made to the finding that defendant was a bona fide purchaser of the property at such sale.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.