[No. 15705.    Department Two.—February 27, 1895.]

THE BANCROFT COMPANY, RESPONDENT, *v.* SAM-UEL HASLETT ET AL., APPELLANTS.

CONVERSION OF PIANO—PLEADING—VARIANCE.—In an action for the conversion of a piano the date of the conversion alleged in the complaint is not material, and a variance in proof as to the date, if prior to the commencement of the action, will not warrant a reversal of the cause.

ID.—STORAGE OF PIANO IN WAREHOUSE—SALE FOR CHARGES—FINDINGS—SUPPORT OF JUDGMENT.—In an action for damages for the conversion of a piano, in which the defendants pleaded that the piano was stored with them as warehousemen, and that after due notice to plaintiff it was sold to pay charges, and claimed a balance yet due on account of the charges, findings showing that the piano came into their possession against the plaintiff's will, that it was not stored because the plaintiff refused to pay the lawful charges upon it, but was stored without authority, that plaintiff demanded its return and was refused, and that thereafter defendants converted it to their own use, are sufficient to sustain a judgment for the plaintiff, and to negative the claim of defendants, and additional findings, which would not affect the judgment nor afford defendants any relief, are not required.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*John H. Dickinson*, for Appellants.

The finding as to the date of the conversion does not correspond with the date of the conversion as alleged in the complaint and denied in the answer, and therefore

the judgment is not authorized by the pleadings. (*Putnam* v. *Lamphier*, 36 Cal. 151.) The judgment is outside of the issues tendered, and therefore contrary to law. (*Sigourney* v. *Zellerbach*, 55 Cal. 431.) That proofs must correspond with the allegations is a familiar principle of law. The judgment must follow the complaint. (*Mondran* v. *Goux*, 51 Cal. 151; *Heinlen* v. *Heilbron*, 71 Cal. 563.)

*George D. Collins*, for Respondent.

The variance between the averment of the complaint relative to the time of conversion and the finding thereon is immaterial. (2 Saunders' Pleading and Evidence, 1141; *Glenn* v. *Garrison*, 17 N. J. L. 1; *Rex* v. *Bishop*, 2 Salk. 561; Gould on Pleading, sec. 65; *Biven* v. *Bostwick*, 70 Cal. 639; 1 Greenleaf on Evidence, secs. 61, 63, 65.) After judgment such an objection is not available. (*Eversdon* v. *Mayhew*, 85 Cal. 1.) The facts found sustain the judgment, and further findings were therefore unnecessary. (*Malone* v. *Del Norte County*, 77 Cal. 217; *Dyer* v. *Brogan*, 70 Cal. 136; *Diefendorff* v. *Hopkins*, 95 Cal. 347, 348.)

HENSHAW, J.—Action for damages for conversion of a piano. Defendants pleaded that the piano was stored with them as warehousemen, and, after due notice to plaintiff, was sold to pay charges. They claimed that the sum of ten dollars was yet due on account of such charges, and asked judgment for that amount.

The appeal is from the judgment alone.

The action was commenced upon November 14, 1892, and alleged the conversion as of July, 1892. The court found that defendants converted the piano to their own use upon February 21, 1891. The variance is immaterial, and not such as would warrant a reversal of the cause. (Code Civ. Proc., secs. 470, 475.)

It was not necessary at common law that the proofs should be in strict conformity with the averment as to

the date of the conversion.   It was sufficient if, naming a certain time before the commencement of the action, the proof established that the tort was committed before the suing of the writ.   (2 Saunders' Pleading and Evidence, 1141; Gould on Pleading, sec. 65; *Rex* v. *Bishop*, 2 Salk. 561; 1 Greenleaf on Evidence, secs. 61, 63, 65.)   No greater strictness is required under our system.

The findings are sufficient.   They show that the piano came into defendants' possession against plaintiff's will; that it was not stored because of plaintiff's refusal to pay the lawful charges upon it, but was stored without authority; that plaintiff demanded its return, and was refused, and that thereafter defendants converted it to their own use.   These facts sustain the judgment, and negative the claim of defendants.   Additional findings would not, therefore, affect the judgment nor afford defendants any relief.   (*Robarts* v. *Haley*, 65 Cal. 402; *Malone* v. *Del Norte County*, 77 Cal. 217; *Dyer* v. *Brogan*, 70 Cal. 136; *Diefendorff* v. *Hopkins*, 95 Cal. 347.)

The judgment is affirmed.

TEMPLE, J., and McFARLAND, J., concurred.