[Civ. No. 5069. Third Appellate District.—July 19, 1937.]

RUTH MOORE, a Minor, etc., Respondent, v. ANGELO FRANCHETTI et al., Defendants; BRUNO LUCHI, Appellant.

J. O. Kroyer for Appellant.

R. M. Quackenbush for Respondent.

MAXEY, J., *pro tem.*—On December 14, 1929, at about 7 o'clock P. M., Ruth Moore, a minor of the age of seventeen years, was riding in a Ford coupe owned by her father, George E. Moore, and being driven by her sister, Georgia Moore; they were traveling in a general southerly direction on the Redwood highway, from Santa Rosa toward Cotati, at a rate of speed of approximately twenty miles per hour, when their automobile was struck from the rear by an automobile driven by Angelo Franchetti. Immediately following this collision, the car in which plaintiff was riding con-

tinued down the highway a distance of thirty or forty feet and stopped on the westerly side of the highway. It was dark and raining and the pavement was wet and slippery.

Immediately following the collision plaintiff and Georgia Moore got out of the automobile in which they were riding for the purpose of investigating the damage done to it, and had some conversation at that time with Mr. Franchetti. Upon examination it was found that the automobile in which plaintiff and her sister were riding had been somewhat damaged, the extent thereof not being ascertained at that time, and, in order to make a further examination as to the mechanical operation, Georgia Moore reentered the automobile which she had been driving and attempted to start the motor. At that time the plaintiff was standing ''half on and half off'' the highway, along the westerly side of the automobile, with the right door thereof standing open; her position was near the front of the automobile, where she was waiting to see if the motor would start. Between three and five minutes following the collision with the Franchetti automobile, and while the automobile in which plaintiff had been riding was still in the position in which it had stopped following the first collision, a Ford automobile driven by the appellant, Bruno Luchi, approached from the north at a speed of approximately thirty miles per hour and collided with the Moore car, resulting in the striking of the plaintiff, Ruth Moore, either by the Moore car or by the Luchi car, and causing her serious injury.

The case was tried by the court sitting without a jury, and judgment rendered in favor of the plaintiff and against defendant Bruno Luchi, for the sum of $2,000, general damages, and $165.50 special damages.

It is conceded by respondent that the allowance of the special damages in the sum of $165.50 was an oversight upon the part of the court, and that such sum should be stricken from the award as made.

Appellant contends that respondent and her sister, Georgia Moore, were engaged in a joint enterprise at and immediately prior to the accident, and that Georgia Moore was guilty of negligence proximately contributing to the accident, and that such negligence, being imputed to respondent, is a bar to her recovery.

The facts do not bear out such a conclusion. The older sister of respondent, Georgia Moore, had been granted permis-

sion by her father to drive his automobile from their home in Cotati to Santa Rosa. Georgia invited respondent to accompany her on this trip. Georgia drove the automobile during the entire time they were traveling, and respondent exercised no control nor management over it. Respondent did not drive the automobile at any time on that occasion nor on that day. The common enterprise consisted solely of the fact that they were riding together. No permission to drive the car had been granted to respondent by her father, but he had expressly granted permission to the driver thereof to use it for the purposes for which it was then being used. Respondent and her sister were not in joint or common possession of the car.

Under the circumstances as disclosed by the testimony in this case, the doctrine of joint enterprise is inapplicable. (*Kelly* v. *Hodge Transportation System*, 197 Cal. 598–604 [242 Pac. 76]; *Collins* v. *Graves*, 17 Cal. App. (2d) 288 [61 Pac. (2d) 1198].)

■ It is contended that respondent was negligent in not removing the automobile in which she had been riding, from the highway. The automobile was under the control and management of Georgia Moore; she was endeavoring to move it, when the second collision occurred in which appellant's automobile was involved. Ruth was standing alongside of the automobile, waiting for her sister to start the motor; there was no reasonable ground to charge her with the duty of its removal; furthermore, she had no opportunity to do so while her sister was attempting to perform that very act. The mere fact that respondent knew how to, and had operated this same automobile previously cast no duty upon her to remove it from the highway following the first collision. If there was any negligence in not removing the Moore car from the highway, such negligence was chargeable to Georgia Moore, and could not in any way be imputed to the respondent. (*Dover* v. *Archambeault*, 57 Cal. App. 659–662 [208 Pac. 178]; *Tousley* v. *Pacific Elec. Ry. Co.*, 166 Cal. 457–462 [137 Pac. 31].)

There is evidence in abundance to support the court's findings that respondent was not guilty of negligence that contributed to the accident, nor could any negligence proximately causing said accident be imputed to her.

■ Appellant further contends that the court erred in denying his motion for a new trial. This motion is based

upon the affidavit of the appellant to the effect that he had no notice of the time of trial, and was, therefore, not present, and that his testimony was necessary to a proper determination of the questions involved. The affidavit further sets out a brief statement of what the testimony of appellant would be, together with the further fact that there are no other witnesses whom appellant intended to call or who knew anything of the facts and circumstances surrounding the accident.

At the time the case was called for trial, the attorney for the appellant made this statement: "If your Honor please, I represent the defendant Nieri (Luchi), but I have been unable to locate him for approximately a year. I do not know his whereabouts. I have sent him communications from April down to January of this year and have been unable to locate him. The defendant has not been in my office for over a year and I have not seen him since I filed his answer herein." The court thereupon afforded the attorney for the appellant the right either to withdraw from the case or to proceed with the trial, and the said attorney then elected to proceed with the trial.

The action of the trial court in denying a motion for new trial will not be disturbed except upon a clear showing of an abuse of discretion. (*Smith* v. *Schwartz,* 14 Cal. App. (2d) 160–166 [57 Pac. (2d) 1386], and cases cited.)

Unless such a moving party can show that by a retrial of the action, and supporting facts therefor are contained in the affidavit, he could establish an entirely different case favorable to himself in the event that a new trial be granted, it is a thoroughly settled rule that a motion for a new trial will not be granted. (*Brandt* v. *Krogh,* 14 Cal. App. 39, 43 [111 Pac. 275].) In the instant case, the affidavit in support of the motion was unquestionably thoroughly considered by the court, and the conclusion reached that it did not and could not warrant a different judgment than that entered in the instant case.

It is, therefore, our conclusion that the judgment rendered by the trial court herein be modified by striking therefrom the sum of $165.50, and that, as modified, the judgment be affirmed. Respondent to recover costs.

Pullen, P. J., and Plummer, J., concurred.