[Civ. No. 3403.   Fourth Dist.   Oct. 31, 1945.]

JOHN W. MEIER et al., Appellants, v. ADOLPH MEIER et al., Defendants; ANNA HUNZICKER, Cross-Complainant and Respondent.

Monte C. Fiscus and Eldred L. Eaton for Appellants.

Best, Best & Gabbert for Respondents.

MARKS, J.—Plaintiffs brought this action to quiet their title to five acres of land planted to cherries in the city of Beaumont, in Riverside County, and to collect damages for its wrongful use. Defendants answered denying plaintiffs' title and pleading various statutes of limitations. Anna Hunzicker filed a cross-complaint alleging title by adverse possession and seeking to quiet her title to the property. The trial judge found in her favor and quieted her title

to the property thus approving her claim to a prescriptive title.

Plaintiffs in their briefs argue various matters such as the bar of the statutes of limitation to either of their causes of action, which it may be unnecessary to consider. If the evidence supports the findings of a prescriptive title in the cross-complainant and if the findings support the judgment in her favor, the other questions become immaterial.

On February 4, 1937, Adolph Meier commenced an action in the Superior Court of Orange County against John W. and Helen Meier on two promissory notes aggregating something more than $2,000. A default judgment was entered against them on March 6, 1937. On April 15, 1937, they filed a notice of motion to set aside this judgment and to permit them to answer, which motion was granted on October 18, 1937. On February 21, 1939, a demurrer to the answer was sustained with leave to amend and Adolph Meier filed a demurrer to the amended answer on March 10, 1939. On April 18, 1942, John W. and Helen Meier filed a notice of motion to dismiss the action on the ground that it had not been brought to trial within five years after the complaint was filed. The motion was denied and a writ of prohibition was issued restraining the superior court from proceeding with the trial of that action. (*Meier* v. *Superior Court,* 55 Cal.App.2d 675 [131 P.2d 554].)

Execution was issued on the default judgment and on May 12, 1937, the real property involved here was sold by the sheriff of Riverside County on execution sale to Adolph Meier. On May 12, 1938, the property was conveyed by sheriff's deed to him and on May 21, 1938, he conveyed it by grant deed to Anna Hunzicker.

The record is silent as to the date on which the original complaint in this action was filed. There is a second amended complaint in the record which was filed on October 7, 1943. The cross-complaint of Anna Hunzicker was filed on November 27, 1943. Counsel for plaintiffs state in their brief that the complaint was filed on May 8, 1943. As this is not questioned, we will assume the correctness of this statement, as the exact date of the filing is not controlling under the view we take of the case. ■ However, it should be noted that where a statute of limitations or a prescriptive title is involved, the dates of filing the original pleadings should be disclosed by the record, as those dates may be determinative of an appeal.

(*Young* v. *Young Holdings Corp., Ltd.*, 27 Cal.App.2d 129 [80 P.2d 723].) Usually, when the plea of the statute of limitations is involved, the appellant should include in the record the original pleadings showing the dates on which they were filed.

Adolph Meier and his then attorney went onto the property some time between the date of the sheriff's sale and July 1, 1937, probably on June 27, 1937, and posted the following notice:

"Tenant in possession. You are hereby notified to quit and deliver up to the undersigned, ADOLPH MEIER, the certain real property known and described as:

(Description)

which you now hold, on the First day of July, 1937."

This notice bore the name of Adolph Meier at the bottom, which was written by the attorney at the direction of Mr. Meier.

Under date of June 21, 1937, the same attorney notified Golden State Cherry Orchard, under which fictitious name Francis Dowling was doing business, that the plaintiffs John Meier and Helen Meier had no further interest in the property. John Meier testified that Mr. Dowling transmitted this information to him probably before July 1, 1937. Mrs. Meier also admitted knowledge of the same facts although she was uncertain when she gained the information. Neither John nor Helen Meier were on the property nor did they publicly claim any interest in it between July 1, 1937, and the time this action was filed.

Adolph Meier took possession of the property on or before July 1, 1937. He paid all taxes and water assessments when due, paid all costs of cultivation, irrigation and care of the property, sold the crops therefrom and received the returns after that date and up to the time he deeded the property to Anna Hunzicker. Thereafter Anna Hunzicker did the same things and exercised the same control over the property, receiving the receipts from the crops, except that the taxes for the fiscal year 1942-1943 went delinquent and she did not redeem the property until November 3, 1943.

There are five elements necessary to establish adverse possession that will ripen into a title by prescription. In *Comstock* v. *Finn*, 13 Cal.App.2d 151 [56 P.2d 957], they were set forth as follows: "(1) The possession must be actual occupation, open and notorious, and not clandestine. (2) It must be

hostile to the true owner's title. (3) It must be held under a claim of title, exclusive of any other right, as one's own. (4) It must be continuous and uninterrupted for a period of five years prior to the commencement of the action, not, however, necessarily the next before the commencement of the action. (5) It must appear that the claimant has paid all taxes levied or assessed upon the land. As a general rule there must be a concurrence of all these elements. (1 Cal.Jur. 522)."

■ It is also true that it is not necessary that one person be in possession for the full five years to establish the prescriptive title if there is privity between the adverse possessors who together have held the property adversely for the full five years. (*Saner* v. *Knight*, 86 Cal.App. 347 [260 P. 942].) That case holds that a deed from a prior adverse possessor, not the owner of the record title, establishes sufficient privity to permit the tacking of one adverse possession onto the other. It is also held that privity of estate in respect to adverse possession may be shown by proof that the earlier possessor passed his claim to his successor by agreement, gift, devise or inheritance. (*McAnally* v. *Texas Co.*, 124 Tex. 196 [76 S.W. 2d 997]; 2 C.J.S. p. 687, § 130.)

■ In the instant case the evidence shows that there was a privity of estate between Adolph Meier and Anna Hunzicker so that the adverse possession of the one may be tacked onto that of the other. It also fully appears that during their possession they fulfilled all of the five requirements necessary to establish title by adverse possession.

■ In her cross-complaint Anna Hunzicker alleged that she and her predecessor in interest had held adverse possession and had paid all taxes and assessments for five full years prior to the filing of the cross-complaint on November 27, 1943. Plaintiffs urge that this pleading is insufficient to support the findings and judgment because, by filing their complaint to quiet title on May 8, 1943, they interrupted the running of the statute and that, as a matter of law, Adolph Meier and Anna Hunzicker did not have quiet and peaceable adverse possession of the property for five years prior to filing the cross-complaint.

This question is presented here for the first time. It was not raised during the trial when an amendment of the cross-complaint would have been a simple matter if such amendment would have been regarded as advisable.

The proof is clear that the adverse possession started not

later than July 1, 1937, probably about June 27th. The full five years of adverse possession was completed about July 1, 1942, almost ten months before plaintiffs filed their complaint.

The foundation for this technical argument amounts to nothing more than a variance between the pleadings and the proof. There is nothing in the record to indicate that plaintiffs were taken by surprise or misled by this variance. Their failure to object to the introduction of evidence or to stress the point during the trial points strongly to such conclusion. (*Bancroft Co.* v. *Haslett,* 106 Cal. 151 [39 P. 602] ; *Yule* v. *Miller,* 80 Cal.App. 609, 610 [252 P. 733] ; *Firebaugh* v. *Burbank,* 121 Cal. 186 [53 P. 560].) Thus it seems to us that the variance was immaterial so it does not furnish a sufficient reason for a reversal of the judgment. (Code Civ. Proc., §§ 469 and 475.)

Plaintiffs urge that the failure to pay taxes for the fiscal year 1942-1943 is fatal to the cause of cross-complainant. As we have already seen, her title by prescription ripened about July 1, 1942. Taxes for the fiscal year 1942-1943 were not then computed, their amount was then unknown, and they could not then be paid. The law does not require the impossible, and because taxes due and unpayable after she had acquired title to the property became delinquent cannot defeat that title except through a sale held under the tax laws. Further, she redeemed the property before her cross-complaint was filed.

We have reviewed the other arguments made by plaintiffs, and as Anna Hunzicker acquired a valid title to the property by prescription it is unnecessary to consider them in detail. We have given them due attention and find them without merit.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.