[Civ. No. 7557.   Third Dist.   Feb. 27, 1950.]

C. A. LUNDY, Respondent, v. JAMES T. LAKIN et al., Appellants.

222

Hardin Barry for Appellants.

Wm. M. Macmillan, Downey, Brand, Seymour & Rohwer and Jack Downey for Respondent.

PEEK, J.—This action was instituted by plaintiff C. A. Lundy to quiet title to certain mining land located in Plumas County described in the original patent thereof as the Mammoth Quartz Mine, embracing approximately 252 acres. The complaint contained the usual allegations to quiet title by adverse possession. Defendant James T. Lakin filed his answer denying the material allegations of the complaint, and by a cross-complaint alleged that he was the owner in fee of the land in question and sought a decree quieting his title. Upon the issues so raised the cause proceeded to trial before the court sitting without a jury. Judgment was rendered in favor of plaintiff and defendants have appealed.

The contentions of appellants as set forth in their 226-page opening brief and their 45-page reply brief are essentially attacks upon the sufficiency of the evidence to sustain the judgment, and are without merit since a review of the record reveals substantial, though conflicting, evidence in support of the judgment.

A summary of the evidence discloses that the original patent, which was issued in 1877, referred to the property as the "Mammoth Quartz Mine" and embraced some 252 acres, more or less. A consent decree in the federal Circuit Court for the District of California entered on November 19, 1888, determined the rights of plaintiff's and defendants' predecessors in interest to the entire patent and divided the property into two separate parcels. One parcel consisting of about 43 acres was awarded to plaintiff's predecessor in interest and is not in dispute. This parcel is shown in yellow on the map of the property introduced in evidence and is referred to by the

parties as the "yellow" parcel. The parcel in dispute is shown in pink on the aforementioned map. An undivided nine-tenths interest to this parcel was given to defendants' predecessors in interest and the remaining one-tenth interest was given to plaintiff's predecessor in trust to hold upon terms and conditions hereafter considered. Plaintiff's claim of title to said parcel is, of necessity, based upon adverse possession since it is conceded that the record title thereto is in defendants.

His claim of title in this respect is based in part on a deed received on December 31, 1931, from his predecessor in interest which quitclaimed "All the right, title and interest of Plumas Eureka Corporation in and to the Mammoth Quartz Mine designated as Lot No. 44 in Township 22 North, Range 11 East, M.D.B.&.M."

Plaintiff's contention is that he thereupon acquired color of title to the pink parcel which ripened into actual title through adverse possession. The acts relied upon by plaintiff are those of various lessees under leases executed by plaintiff over a period of time, and which referred to the property as the "Mammoth Quartz Mine." The leases did not attempt to segregate the yellow from the pink parcel and the evidence is insufficient to establish that the leases did not confine their operations to any particular parcel but rather that operations were performed upon both the yellow and pink parcels. Defendants contend that the leases of the "Mammoth Quartz Mine" referred only to the yellow parcel and did not include the pink which defendant claims was referred to as the "Mammoth Extension." Such contention merely presents a question of fact which has been resolved against defendants by the trial court and is binding upon this court under well established rules of appellate procedure in view of the evidence contained in the record to support such determination. Furthermore the phrase "Mammoth Quartz Mine" was used in the original patent to refer to the area included within both the yellow and pink parcels.

Plaintiff acquired at least color of title to the pink parcel by his deed of 1931 to the "Mammoth Quartz Mine." The leasing of that area together with the activities of the lessees constituted possession hostile to that of the true owner and continued for the prescribed statutory period during which the taxes upon said parcel were assessed to and paid by plaintiff. Since the foregoing elements are substantiated by the record herein the plaintiff acquired title by adverse possession.

(*West* v. *Evans*, 29 Cal.2d 414 [175 P.2d 219].) ■ Although the entire parcel was not wholly occupied by plaintiff .or his lessees such occupation was not required since plaintiff and his lessees occupied portions thereof under color of title and thus partial occupation was sufficient to establish adverse possession of the whole. (Code Civ. Proc., § 322.)

■ Defendants' further contention that plaintiff's possession was not hostile is predicated upon the trust created by the aforementioned consent decree with respect to a one-tenth interest in the pink parcel. The decree designated the Sierra Buttes Gold Mining Company, plaintiff's predecessor in interest, as trustee, to hold the legal title to such one-tenth interest for certain designated purposes which are not material to the question involved herein. Defendants contend that a valid trust was thereby created as to such one-tenth interest with the result that plaintiff now holds title to it as mere trustees and therefore plaintiff's possession with respect to it cannot be considered adverse. Assuming there may be a question as to whether said trust violated either the rule against perpetuities or the rule against restraints on alienation, and hence was invalid, consideration of that question is unnecessary to a determination of this appeal. Even if the trust is assumed to be valid it does not follow that plaintiff became trustee thereunder since the decree made no provision for successor trustees and the rule is well established that the right to administer a trust is not descendible, divisible, or alienable. (25 Cal.Jur. 331.) Therefore it cannot be said that plaintiff held title to such one-tenth interest as a trustee, and defendants' contention that plaintiff's possession cannot be considered adverse is thus immaterial.

■ Defendants lastly contend that the trial court erred in denying his motion for a new trial which was made upon grounds already disposed of in this appeal and also upon the ground of newly discovered evidence. The rule is well settled that a motion for new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court and that the exercise of its discretion in denying a motion for new trial on that ground will not be disturbed except in a case of an abuse of discretion. No abuse of discretion has been shown.

The judgment is affirmed.

Adams, P. J., concurred.

A petition for a rehearing was denied March 28, 1950.