106 Cal.App.2d 378 (1951)
Estate of S. ELLA LUCAS, Deceased. ISABEL KITTRELL, Petitioner and Respondent,
v.
JANE REESE, Appellant; SECURITY FIRST NATIONAL BANK, Special Administrator and Respondent.
Civ. No. 18225. 
California Court of Appeals. Second Dist., Div. One. 
Aug. 30, 1951.
 David B. Sallee, Scales & Broderick and Wallace B. Scales for Appellant.
 Cannady & Freeman and George E. Cannady for Petitioner and Respondent.
 Jacob W. Silverman for Special Administrator and Respondent. *379
 DRAPEAU, J.
 During her last illness S. Ella Lucas made her will. After her death the will was offered for probate, and contest filed. The contest was heard by the court without a jury. Proof of due execution of the will was ample and sufficient.
 Decedent was a widow, with no living issue; and, so far as the record shows, no heirs. Her only son served as an officer in the first world war and died in Sawtelle Veterans' Hospital in 1935.
 Contestant's case may be summed up as follows: Decedent stated to several witnesses that she had a godchild, Jane Reese (who was no relative of the blood) to whom she wanted to will all her property. Decedent asked a real estate broker to prepare a will for her, leaving her property to her godchild. The broker prepared an extraordinary document, which, after it was signed by decedent, her godchild, two friends, and a notary public--who appended his jurat and seal--reads as follows:
 "Los Angeles, Calif."
 July 2, 1946
 "To Whom It May Concern;"
 "I will place everything I Possess into Jane Reese's hands, (my GOD child.) I trust GODand agree that she'll be benefituary in case anything should happen to me before 1953. My properity, jewelsm finance & everything goes to her. The properity's address is 630 E. 52nd street, & 832 Upland Ave. San Pedro, California. The bank is located at Vernon Ave. & Avalon Blvd."
 "I vow that she pay all bills, if anyone else should step in, I want her to take properity with all legal power and respect. I leave everything to my GOD child, Jane Reese, 741 E. 51st street, Los Angeles, Calif."
 "Sincerely Yours,"
 Ella Lucas
 Jane Reese 741 E. 51 st
 Edd N. Taylor 5030 McKinley Ave
 Mae Murray 207 W Vernon Ave
 "Subscribed and sworn to before me this 2 day of July 1946."
 "Wynyard H. Ammons Notary in and for the County of Los Angeles, State of California". (Seal) *380
 Proponent's case may be summed up as follows: A little over three years after the real estate broker's "will" was made, and while Mrs. Lucas was in the hospital suffering from her last illness, she asked her doctor to get a lawyer for her. This was done.
 [1] Mrs. Lucas told her lawyer she wanted him to prepare a will for her, leaving all of her property to a long-time friend, Isabel Kittrell. The will was prepared and taken to the hospital, and, without reciting details, there duly executed according to the requirements of the statute.
 Witnesses for proponent testified that at the time decedent subscribed her will she was of sound and disposing mind and memory; also that she had told them she wanted all of her property to go to Isabel Kittrell.
 The probate court held that the will should be admitted to probate, and that the broker's document should be denied probate. From the judgment which followed contestant appeals.
 No argument appears in the briefs as to the effect as a will of the document prepared by the real estate broker. Assuming it to have been testamentary in character (Estate of Pagel, 52 Cal.App.2d 38 [125 P.2d 853]; Estate of Wunderle, 30 Cal.2d 274 [181 P.2d 874]), the probate court's finding that the will admitted to probate was duly and properly executed, signed and published as decedent's last will and testament is supported by the evidence.
 [2] Contestant's argument that the judgment should be reversed because of newly discovered evidence is not tenable. Due consideration was given by the probate court to the affidavits presented on contestant's motion for a new trial on this ground. The motion was denied, and no abuse of discretion appears. The granting of a new trial upon the ground of newly discovered evidence is largely a matter of discretion. (Lundy v. Lakin, 96 Cal.App.2d 221 [215 P.2d 61].) The action of the trial court in such cases will not be disturbed except upon a clear showing of abuse of discretion. (Rockwell v. Italian-Swiss Colony, 10 Cal.App. 633 [103 P. 162]; and see cases digested in 17 McKinney 936.)
 The judgment is affirmed.
 Doran, Acting P. J., and Hanson, J. pro tem., concurred.