[Civ. No. 15488. First Dist., Div. Two. June 30, 1953.]

JOHN PETERSON et al., Respondents, v. ROBERT JAMES GELTZ et al., Appellants.

GEORGE SCHIEFFELBEIN, Respondent, v. ROBERT JAMES GELTZ et al., Appellants.

George M. McLeod for Appellants.

Francis W. Murphy and Bullock, Wagstaffe & Daba for Respondents.

McCOMB, J.*—Defendants appeal from judgments in favor of plaintiffs after trial before the court without a jury in actions to recover damages resulting from an automobile accident. There are also purported appeals from the orders denying their motions for a new trial.

*Facts.* On June 1, 1949, defendant Robert James Geltz, aged 20, drove an automobile in a southerly direction on El Camino Real in San Mateo County. The accident arose as a result of Robert's swerving his car back and forth on the slippery highway, losing control thereof, and striking a pole on the shoulder of the highway, causing personal injuries to plaintiffs Peterson and Schieffelbein.

Prior to the time of the accident the defendant Robert James Geltz, plaintiffs and others had attended a party at which they had consumed intoxicating beverages.

Defendants H. G. Geltz and Margaret A. Geltz, the parents of Robert, were joined as defendants on the theory that their

---

*Assigned by Chairman of Judicial Council.

liability arose under the provisions of section 352 of the Vehicle Code of the State of California*, since they had signed his application for an operator's license.

The trial court found that Robert James Geltz was not intoxicated at the time of the accident, that the accident was not the proximate result of his having drunk intoxicating beverages, and that Robert James Geltz zigzagged the car which he was driving intentionally and with wanton disregard of the result thereof.

Defendants moved for a new trial upon the ground of alleged surprise when one of the plaintiffs allegedly testified in a manner contrary to his pretrial assurances of what his testimony would be. This motion was denied and defendants have appealed from the judgments, on appeal from which we will review the orders denying the motions for a new trial.

*Questions*: First: *Did the trial court abuse its discretion in denying defendants' motions for a new trial upon the*

---

*Section 352 of the Vehicle Code reads as follows:

"(a) [Liability imposed upon signer or signers of application: Joint and several liability: Liability of Employer.] Any liability of a minor arising out of his driving a motor vehicle upon a highway is hereby imposed upon the persons or person who signed and verified the application of such minor for a license for all purposes of civil damages and said persons or person shall be jointly and severally liable with such minor for any damages proximately resulting from such negligence or wilful misconduct, except that an employer signing such application shall be subject to the provisions of this subdivision only if an unrestricted operator's or chauffeur's license has been issued to the minor pursuant to such employer's written authorization.

"(b) [Minor's negligence or wilful misconduct imputed to parents or guardian: Joint and several liability.] Any negligence or wilful misconduct of a minor whether licensed or not under this code in driving a motor vehicle upon a highway with the express or implied permission of the parents or the person or guardian having custody of the minor shall be imputed to such parents or such person or guardian for all purposes of civil damages and such parents or such person or guardian shall be jointly and severally liable with such minor for any damages proximately resulting from such negligence or wilful misconduct.

"(c) [Limitation of liability.] No person, nor the persons collectively if the negligence or wilful misconduct of the minor in operating a motor vehicle is imputed hereunder to more than one person, shall incur liability under this section in any amount exceeding five thousand dollars for injury to or death of one person as a result of any one accident or, subject to said limit as to one person, exceeding ten thousand dollars for injury to or death of all persons as a result of any one accident or exceeding one thousand dollars for damage to property of others as a result of any one accident.

"(d) [Minor acting as agent or servant.] The provisions of this section have no application when the minor is acting as the agent or servant of any person."

*ground of surprise which ordinary prudence could not have guarded against?*

*No.* Defendant H. G. Geltz filed an affidavit in which he stated that John Peterson, husband of plaintiff Hazel Peterson, had stated to him prior to the trial that he knew everyone had been drinking too much on the night of the accident and that he would so testify at the trial.

John E. Nunnemaker's affidavit was also filed in which it was stated that John Peterson had told him all of those present on the night of the accident were drinking and he, John Peterson, was also drinking.

Defendant H. G. Geltz stated in his affidavit that he relied on the assurance of John Peterson that he would testify as set forth above and went east on a business trip, and was not present when the case was called for trial. Further, that when Mr. Peterson took the witness stand at the trial he in fact testified that the sobriety of defendant Robert Geltz was all right on the night in question and that he, Peterson, had had only two or three drinks. It is further alleged that had Mr. Peterson testified as he assured Mr. Geltz and Mr. Nunnemaker that he would, it is probable the trial court would have found defendant Robert Geltz was under the influence of intoxicating liquor at the time of the accident and had the trial judge so found, judgment would have been entered in favor of defendants H. G. Geltz and Margaret Geltz. (See *Weber* v. *Pinyan,* 9 Cal.2d 226, 235 [70 P.2d 183, 112 A.L.R. 407].)

There was also filed an affidavit of defendants' trial attorney, John A. Cost, who stated that he had not been advised as to the conversation between plaintiff John Peterson and defendant H. G. Geltz about the accident, and he did not learn of the existence of John Nunnemaker until subsequent to the trial.

The trial court's ruling must be sustained for two reasons:

*First*: ▮ Whether newly discovered evidence could with reasonable diligence have been discovered and produced at the trial is a question addressed to the sound discretion of the trial court and its action will not be disturbed unless it is clear that such discretion has been abused. (*Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 59 [10] [183 P.2d 312].) In the instant case it is apparent from the affidavits which were filed that the alleged newly discovered evidence was known to defendant H. G. Geltz prior to the time of the trial and he considered it of no importance for

he did not even communicate it to his attorney. In passing upon a similar point our Supreme Court in *Converse* v. *Ferguson,* 166 Cal. 1, at page 7 [134 P. 977], says: ''A party to an action may not excuse the production of evidence relating to a conversation in which he himself participated, on the ground that he had forgotten it until after the trial. (*Moran* v. *Abbey,* 63 Cal. 56.) And the same rule should apply to a case where he forgets to impart his knowledge to his attorney. We find no error in the court's refusal to grant a new trial.'' On this ground alone the trial court's action in denying a new trial is sustainable.

 *Second*: Whether newly discovered evidence if introduced on a retrial would result in a different conclusion is a question addressed to the sole discretion of the trial judge, whose action will not be disturbed in the absence of a manifest showing of abuse of discretion. (*Bliss* v. *Security-First Nat. Bank, supra*; *Moore* v. *Franchetti,* 22 Cal.App.2d 75, 79 [70 P.2d 492].) In the present case Robert Geltz and all the other witnesses testified he was not drunk at the time of the accident, nor during the preceding evening, and that he was driving in a normal manner for several blocks prior to the time of the accident. The trial judge had observed the witnesses and heard the testimony, and having weighed it with the alleged newly discovered evidence, came to the conclusion that a different result would not be reached on a retrial. Clearly such conclusion was supported by the evidence and is binding upon this court.

*Rodriguez* v. *Comstock,* 24 Cal. 85, and *Delmas* v. *Martin,* 39 Cal. 555, relied on by defendants are not here applicable. In the Rodriguez case defendants were able to show by affidavits which they submitted that they would be able at a new trial to supply testimony to establish a particular material fact. In the present case there is no showing that at a new trial the testimony of John Peterson would be any different, or that the testimony of H. G. Geltz or John Nunnemaker would supply any material proof that at the time of the accident defendant Robert Geltz was under the influence of alcohol. In the Delmas case, which involved an action to recover real property, plaintiff first put in evidence a deed to himself of the property from one Peter Davidson, and when defendants put in evidence an earlier deed from Davidson to a man named Black, plaintiff introduced evidence of an unrecorded deed from Black to himself, dated a few days before the commencement of the action. Plaintiff

obtained judgment. In support of a motion for a new trial on the grounds of surprise due to the introduction of the last mentioned deed from Black to plaintiff, defendants submitted an affidavit from Black that he had deeded the property to one LePage before deeding it to plaintiff, and he gave plaintiff a deed at plaintiff's request and without consideration. An affidavit from one defendant was produced to the effect that he had obtained title from LePage, and that plaintiff knew this, and he was prepared to prove such title. Clearly the foregoing evidence indicated that defendants were prepared to offer proof that plaintiff's claim of title was based on a deed derived from Mr. Black, who had already disposed of all interest he had to defendants' predecessors in title. It is evident that in such case upon a retrial it was highly probable a different result would ensue.

Second: *Was there substantial evidence to sustain the trial court's findings of fact that (1) Robert Geltz was not intoxicated at the time of the accident or immediately preceding it; (2) plaintiffs were not guilty of contributory negligence; and (3) plaintiffs did not legally assume the risk of riding with defendant Robert Geltz?*

*Yes.* ■ (1) All of the witnesses, including Robert Geltz, testified he was not drunk at the time of the accident or during the preceding evening, and that he was driving in a normal fashion for several blocks prior to the scene of accident. This testimony supports the first questioned finding.

(2), (3) ■ The testimony just recited supports the trial court's finding that plaintiffs were not guilty of contributory negligence and did not assume the risk of riding with defendant Robert Geltz. ■ The law is settled that the mere fact that because parties have been consuming intoxicating liquor together and they subsequently ride in the same automobile, and one is injured through the carelessness of the other, the injured party is not barred from recovering for a companion's negligence. (See *Lindemann v. San Joaquin Cotton Oil Co.*, 5 Cal.2d 480, 501 [55 P.2d 870]; also *Erickson v. Vogt*, 27 Cal.App.2d 77, 83 [80 P.2d 533]; *McMahon v. Schindler*, 38 Cal.App.2d 642, 646 [102 P.2d 378].)

The purported appeals from the orders denying the motions for new trial being nonappealable, are dismissed. The judgments are and each is affirmed.

Nourse, P. J., and Dooling, J., concurred.