[Civ. No. 15809.   First Dist., Div. Two.   Sept. 15, 1954.]

ANN J. KROFF, Respondent, v. FELIX V. KROFF, Appellant.

Ernest J. Hill and Walter E. Dorn for Appellant.

Richard O. Graw, Dan C. Lange and Sidney Feinberg for Respondent.

KAUFMAN, J.—This is an appeal from an order granting a new trial. The motion was made on the grounds specified in subdivisions 1, 3, 4, 6 and 7 of section 657, Code of Civil Procedure. A minute order was made on the 6th day of October, 1952, granting the new trial on the ground of insufficiency of the evidence to justify the decision. On the same day the court made and filed a written order merely ordering that the motion for new trial be granted without specifying any grounds therefor.

Appellant at the outset contends that the granting of a new trial on the ground of insufficiency of the evidence cannot be considered in the face of this record. With this contention we agree. The formal written order must control over the minute order. (See *Lee* v. *Cranford,* 107 Cal.App.2d 677, p. 680 [237 P.2d 986]; Code Civ. Proc., § 1003.) Under section 657, Code of Civil Procedure, when a new trial is granted on the ground of the insufficiency of the evidence the order must so specify. Here the controlling order of the court granting the new trial did not so specify.

We turn now to the record to ascertain if the order granting the new trial may be upheld on the other grounds.

Respondent contends the trial court was guilty of errors of law. We agree. The judgment did not declare the rights of the parties. This was an action for declaratory relief. A dispute existed as to the meaning of a document and the plaintiff was entitled to a judicial declaration of her rights. It was the duty of the court to set forth the meaning and effect of the clause in question. Here the court merely adjudged ''that plaintiff take nothing by her said cause of action, and that defendant have judgment against plaintiff.'' (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210-219 [246 P.2d 935]; *Weber* v. *Marine Cooks' & Stewards'*

*Assn.,* 93 Cal. 327 at 339 [208 P.2d 1009] ; *Dabney* v. *Philleo,* 38 Cal.2d 60 [237 P.2d 648].) We conclude on this ground alone the trial court was justified in ordering a new trial.

Respondent contends also that the trial court's order is sustainable on the ground that there was newly discovered evidence. Respondent's affidavit in support of the motion for new trial clearly shows that there is newly discovered evidence that will defeat appellant's contention that the enterprise in Germany had been repurchased rather than restituted. The trial court was entitled to weigh and believe the facts set forth in the affidavit. The rule is well settled that "Whether newly discovered evidence could with reasonable diligence have been discovered and produced at the trial is a question addressed to the sound discretion of the trial court and its action will not be disturbed unless it is clear that such discretion has been abused." (*Peterson* v. *Geltz,* 118 Cal.App.2d 794, 797 [258 P.2d 875].) "The granting of a new trial upon the ground of newly discovered evidence is largely a matter of discretion. . . . The action of the trial court in such cases will not be disturbed except upon a clear showing of abuse of discretion." (*Estate of Lucas,* 106 Cal.App.2d 378, 380 [235 P.2d 225].) Therefore, we conclude that the trial court's order is also sustainable on the ground that there was newly discovered evidence which could not have been discovered and produced at the trial.

In view of the foregoing it is unnecessary to determine whether the order is sustainable on the other grounds urged before the trial court or to discuss other contentions of the parties.

The court in *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, at p. 169 [153 P.2d 338], said : "It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. . . . Upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict . . . and the order will be affirmed if it may be sustained on any ground . . . although the reviewing court might have ruled differently in the first instance."

It is elementary that the trial court has a broad discretion in ordering a new trial and such an order will not be disturbed unless a clear abuse of discretion is shown. (*Gossman*

v. *Gossman,* 52 Cal.App.2d 184 [126 P.2d 178]; *Baker* v. *Berreman,* 61 Cal.App.2d 235 [142 P.2d 448]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 10 Cal.2d 538 [76 P.2d 104].)

No abuse of discretion appearing in the record before us the order granting the new trial must be affirmed.

Order affirmed.

Nourse, P. J., and Dooling, J., concurred.